**NOT FOR PUBLICATION**

FILED

SEP 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50533 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01198-GHK-1 |
| v. | |
| ANTHONY WASHINGTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted September 1, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Anthony Washington appeals from his conviction and sentence for being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession

with intent to distribute cocaine base in the form of crack cocaine, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Washington has not demonstrated that the district court clearly erred in crediting Sergeant Mkrtchyan's testimony that he saw Washington without his seatbelt as the vehicle in which Washington was a passenger pulled off the street and into a gas station. *See United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008) (giving "special deference" to the district court's credibility findings). Accordingly, the district court did not err in denying Washington's motion to suppress on the ground that the arresting officers had reasonable suspicion to conduct the traffic stop of the vehicle, because the record does not support a definite and firm conviction that the officers lacked reasonable suspicion that a traffic violation had occurred. *See United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (reasonable suspicion standard applies to traffic stops).

Washington's theory of defense was premised on an effort to impeach Sergeant Mkrtchyan, who testified on cross-examination that he was not aware of sentencing enhancements for crack cocaine offenses under § 11351.5 of the California Health and Safety Code. The defense called no witnesses and

introduced no other evidence that could support an inference that Sergeant Mkrtchyan was, or should have been, aware of the state sentencing provisions. *See United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence."). Washington failed to adduce evidence that would render the instruction relevant to his actual theory of defense, which was adequately covered by the jury instructions on the burden of proof and the credibility of witnesses. Accordingly, the district court did not abuse its discretion in declining to instruct the jury regarding sentencing enhancements for crack cocaine offenses under California law.

Finally, the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) (codified as amended in scattered sections of title 21 of the United States Code), does not apply retroactively to Washington. *United States v. Baptist*, -- F.3d --, No 09-50315, 2011 WL 2150993 (9th Cir. June 2, 2011) (per curiam). The disparity between crack and powder cocaine sentencing does not implicate equal protection or the prohibition on cruel and unusual punishment. *Id.* at *3 (citing *United States v. Dumas*, 64 F.3d 1427, 1429-32 (9th Cir. 1995); *United States v. Harding*, 971 F.2d 410, 412-14 (9th Cir. 1992); and *United States v. Hoyt*, 879 F.2d 505, 512-14 (9th Cir. 1989)).

AFFIRMED.